

# Akin Gump
## STRAUSS HAUER & FELD LLP

DAVID ZENSKY
212 872-1075/fax: 212 872-3275
dzensky@akingump.com

July 5, 2016

**Via ECF and Hand Delivery**

The Honorable Kevin J. Carey
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, DE 19801

      Re:    Discovery disputes in *In re Hercules Offshore, Inc., et al.*, Case No. 16-11385 (KJC)

Dear Judge Carey:

      We are proposed co-counsel to Hercules Offshore, Inc., and its affiliated debtors and debtors in possession (the "Debtors"). We write to the Court to resolve two disputes between the Debtors and the Official Committee of Equity Security Holders (the "Equity Committee") regarding the Parties'[1] Proposed Discovery & Scheduling Order ("Scheduling Order"). The Scheduling Order fills in the Parties' respective interim discovery deadlines between now and the objection deadline and confirmation hearing. Despite repeated efforts by the Debtors to meet and confer and compromise with the Equity Committee regarding the Scheduling Order, the Equity Committee continues to demand (1) the unrestricted ability to serve discovery requests on the Debtors without any specific deadline; and (2) a voluminous and burdensome document-by-document privilege log, rather than in the first instance a detailed categorical privilege log. For the reasons set forth below, and to be elaborated upon during the telephonic conference on July 6, the Debtors respectfully request that (1) the deadline for serving discovery requests be July 7, and (2) all Parties be permitted to produce a categorical privilege log.

**A deadline for serving discovery requests is necessary for timely completion of fact discovery**

      Equity Committee counsel, Kasowitz Benson Torres & Friedman ("Kasowitz"), initially served as counsel to Centerbridge Partners, LP ("Centerbridge") (now a member of the Equity Committee) beginning in the weeks leading up to the June 5 petition date. During the pre-petition period, among other things, Kasowitz (i) was advised of all issues currently before the Court; (ii) had access to confidential information through a non-disclosure agreement between Centerbridge and the Debtors (Kasowitz declined to sign its own non-disclosure agreement that would have provided even greater access to confidential information); (iii) together with

---

[1] All capitalized terms not otherwise defined herein are defined in Debtors' Proposed Discovery & Scheduling Order, attached hereto as Exhibit A.

Case 16-11385-KJC    Doc 157    Filed 07/05/16    Page 2 of 5



The Honorable Kevin J. Carey
July 5, 2016
Page 2

Centerbridge had the opportunity to address the Debtors' Board of Directors; and (iv) received a copy of the disclosure statement. In short, Kasowitz has had ample time—over a month—to learn the details of these cases sufficient to formulate document requests to the Debtors.

And they have done so: on behalf of Centerbridge, Kasowitz served a broad set of document requests on the Debtors on June 8, 2016. On June 27, 2016, Kasowitz served a similar set of document requests on behalf of the Equity Committee. Since June 8, 2016, Debtors have met and conferred with Kasowitz—first as counsel to Centerbridge and then as counsel to the Equity Committee—at least five times regarding these requests. In response to the requests, in less than three weeks, the Debtors (i) have collected nearly 400,000 documents totaling millions of pages from over 20 custodians; (ii) reviewed and produced over 13,000 documents on a rolling basis totaling more than 80,000 pages, including communications from the Debtors' management, the Board of Directors and the Special Committee of the Board, the Debtors' counsel, and the Debtors' financial advisors; and (iii) have substantially completed their response to the Equity Committee's requests on an expedited timeframe. In the same timeframe, the Debtors' first lien lenders have substantially completed their document production. Centerbridge, giving lip service to the expedited nature of these proceedings, produced 1000 pages of documents on the evening of July 1.

The Debtors, with the consent of the lenders, respectfully ask this Court to order that any additional discovery requests in this matter be served by July 7, except by consent or with leave of the Court. These deadlines are necessary to ensure that discovery continues to proceed in a timely and efficient manner and to prevent potential abuse of the discovery process through the service of voluminous requests at or near the close of fact discovery. Without a discovery request cutoff, the Equity Committee would be allowed to serve broad discovery requests with just days left in the fact discovery period, leaving insufficient time for the Debtors to gather, review, and produce responsive documents, and at the same time produce deponents, potential experts, and comply with all other pretrial obligations. Scheduling orders routinely set deadlines for the service of document requests, and the Debtors ask that such a deadline be implemented here.

Despite the Debtors' and lenders' substantial completion of production in response to the Equity Committee's existing requests, the Equity Committee—without identifying any specific need—insists it should be permitted to serve additional discovery requests continuously on the Debtors and other parties until the last day of fact discovery. If allowed, this would place a heavy and unnecessary burden on the Debtors and, potentially, other parties.



The Honorable Kevin J. Carey
July 5, 2016
Page 3

The Equity Committee has suggested to us that if the scheduling order contains a cutoff date for the service of discovery requests, it will be precluded from requesting discrete and limited categories of documents—for example, requesting that the Debtors produce specific documents referenced at a deposition. That is incorrect. Under the Debtors' proposal, a party seeking additional discovery is permitted to make a request for documents referenced in a deposition, and the parties are required to meet and confer regarding that request. If the parties cannot agree after a meet and confer, the Court may intervene. The Debtors believe this is a reasonable compromise considering the expedited discovery schedule and impending confirmation hearing.

**Categorical Privilege Logs are Reasonable and Will Conserve Party and Judicial Resources**

The Equity Committee insists—again without identifying any specific need—that the Debtors produce a voluminous and burdensome document-by-document privilege log rather than a categorical privilege log in the first instance. Individually logging each and every potentially responsive but privileged document (currently numbered at over 7,000) would require a massive effort by the Debtors at a significant expense to the Debtors' estates. Therefore, in the interest of efficiency and cost-containment, the Debtors propose that all Parties produce categorical privilege logs in the first instance.[2] The Debtors further propose that if, following the production of categorical privilege logs, the Equity Committee can identify a need for a document-by-document privilege log in connection with specified categories of documents, the Parties would agree to meet and confer to consider the request. The lenders have consented to a categorical privilege log and meet and confer procedure. The Equity Committee rejects this approach.

The Federal Rules of Civil Procedure ("Rules") permit categorical privilege logs. Rule 26(b)(5) requires a party withholding information to: (i) expressly make the claim of privilege, and (ii) describe the *nature* of the documents or communications withheld in a manner that will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A) (emphasis added).[3] The

---

[2]    An exemplar categorical privilege log is attached hereto as Exhibit B.

[3]    The full text of Federal Rule 26(b)(5)(A) reads as follows:

    (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

        (i) expressly make the claim; and



The Honorable Kevin J. Carey
July 5, 2016
Page 4

advisory committee notes to the Rules expressly condone categorical privilege logs where the number of privileged documents is voluminous. The committee notes provide: "[d]etails concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, *but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories*." *Id.* advisory committee's note (1993 amendments) (emphasis added).

Moreover, courts that routinely deal with complex or expedited civil litigation involving voluminous documents adopt the view that categorical logs are acceptable, if not preferred. *See, e.g., Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (permitting categorical privilege log in order "[t]o lessen the burden posed by reviewing and recording a large quantity of protected communications"; categorical privilege log by party must "justify its assertion of privilege with regard to each category, and the description of each category must provide sufficient information for [the opposing party] to assess any potential objections to the assertions of attorney-client privilege"); *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 87 (S.D.N.Y. 2006) ("A categorical log may be used where (a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well-grounded.").

The Delaware District Court adopts this view. According to the Delaware District Court's "Default Standard for Discovery,"[4] parties are required to consider the use of categorical privilege logs: "[t]he parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged." Given the substantial number of privileged documents at issue and the tight timeframe for completion of all discovery, a categorical privilege log is appropriate here.

As always, we are available at the Court's convenience to address the foregoing.

---

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

[4] Accessible at: http://www.ded.uscourts.gov/court-info/local-rules-and-orders/guidelines.



The Honorable Kevin J. Carey
July 5, 2016
Page 5

Respectfully submitted,

David M. Zensky

cc:   Counsel to the Equity Committee (by email)
      Counsel to the First Lien Lenders (by email)
      Counsel to the First Lien Agent (by email)
      Counsel to the U.S. Trustee (by email)
      All other counsel of record (by ECF Notification)