# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ANDREW K. GLENN
DIRECT DIAL: 212-506-1747
AGLENN@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

July 5, 2016

The Honorable Kevin J. Carey
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re: *In re Hercules Offshore Drilling, Inc.*, Case No. 16-11385 (KJC)

Dear Judge Carey:

This firm acts as proposed counsel for the Official Committee of Equity Security Holders (the "Equity Committee") of the debtors and debtors-in-possession (the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases").

We write on behalf of the Equity Committee to seek the Court's resolution of a dispute between the Equity Committee and the Debtors and other parties-in-interest (collectively, the "Parties") regarding (i) whether categorical privilege logs, rather than traditional itemized document-by-document privilege logs, are appropriate in the present action and (ii) whether internal valuation documents must be produced by all Parties. In sum, neither the rationale behind permitting categorical privilege logs nor the relevant case law supports a departure from standard document-by-document privilege logs in these Chapter 11 Cases. There is also no basis for any Party to withhold valuation documents as part of their document production.

I. **Categorical Privilege Logs Are Not Appropriate In These Chapter 11 Cases**

Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure ("FRCP") requires that a party withholding responsive documents on the basis of privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." In accordance with this Rule, it is standard practice for parties to prepare privilege logs which "contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileged asserted with respect to the document, and how each element of the privilege is met as to that document." *In re Lomas Fin. Corp.*, No. 95-01235 (PJW), 1999 WL 33495524, at *5 (Bankr. D. Del. June 25, 1999) (citations omitted); *see also In re Megan-Racine Associates, Inc.*, 189 B.R. 562, 575 (Bankr. N.D.N.Y. 1995) (stating that the party asserting a privilege has the burden of establishing that privilege, and requiring "an *explanation* of *each* document for which a privilege is claimed") (emphasis in original).

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Neither the FRCP nor the Local Rules of this Court specifically provide for the use of categorical privilege logs. Indeed, the Third Circuit has explicitly ruled that "claims of attorney-client privilege must be asserted document by document, rather than as a single, blanket assertion." *U.S. v. Rockwell Intern.*, 897 F.2d 1255, 1264 (3rd Cir. 1990). Although categorical privilege logs have been deemed appropriate in limited situations, this case does not present such circumstances. Categorical privilege logs are only appropriate where, unlike here, (i) an itemized log would be of no material benefit to the discovering party in assessing the validity of the assertion of privilege and (ii) document-by-document logs would be unduly burdensome. *See Bethea v. Merchants Commercial Bank*, No. 11-51, 2012 WL 5359536, at *2 (D.V.I. Oct. 31, 2012) ("[I]n this circuit, a categorical privilege log may be permissible only where the responding party has established undue burden with specificity. . . . *Defendants cannot refuse to comply with Rule 26 simply because they find compliance with the Rule onerous.*") (citations omitted) (emphasis added).

In this case, the need for a document-by-document privilege log is imperative because (i) the Debtors recently emerged from their prior Chapter 11 cases a mere seven months prior to the commencement of these Chapter 11 Cases, (ii) the Debtors' counsel acted as counsel to a group of lenders in the Debtors' prior bankruptcy case until approximately February 2016, (iii) such lenders are now the First Lien Lenders in these Chapter 11 Cases, (iv) the Debtors' counsel simultaneously acted as counsel to the Debtors and the former group of lenders for a period of three months, and (v) the Equity Committee's ongoing review of documents has revealed a dearth of internal communications that reflect key business decisions made by the Debtors and the First Lien Lenders in the months leading up to the commencement of the Chapter 11 Cases.

## II. Itemized Logs Will Be Materially Beneficial to the Equity Committee's Ability To Assess the Parties' Assertion of Privilege

Itemized document-by-document privilege logs are imperative to the Equity Committee's ability to assess the Parties' claims of privilege. The primary issues in this case include the Debtors' decisions to not contest the purported events of default and enter into a forbearance agreement with the lenders, to sell the *Hercules Highlander* jack-up rig, and to enter into a restructuring support agreement with the First Lien Lenders, all within seven months of emerging from their prior Chapter 11 cases. However, to date, the Debtors and lenders' productions have yielded very few internal communications among Debtors' management and among the lenders (internally and with one another) regarding these events. In particular, the relative dearth of documents produced relating to the Debtors' decision to sell the *Hercules Highlander* – a transaction which the Debtors were considering since at least the Debtors' February 2016 formation of a Special Committee to consider and explore strategic alternatives – and their decision to enter first into a forbearance agreement with the lenders rather than challenging the purported events of default and then a restructuring support agreement, indicates that the Debtors are withholding on the basis of privilege whole categories of documents which are of critical importance in this case. This concern is only heightened by the fact that the Debtors' counsel was formerly counsel to the very lenders that entered into the forbearance agreements and restructuring support agreement with the Debtors.

The exchange of a categorical privilege log, which would not include specifics as to which parties were copied on the communications and the specific subject matter, lends itself to

overgeneralizations and abuse. The mere fact that legal counsel is copied is insufficient to designate a document as privileged, especially where such communication discusses key business decisions of any of the Parties, including the Debtors. In order to adequately assess the validity of this expected overly-broad assertion of privilege, which assessment is the express purpose of FRCP Rule 26(b)(5), the Equity Committee and the Court need to be provided with a traditional document-by-document privilege log which provides information about each document being withheld as is standard in this Court and the Third Circuit. *See In re Lomas Fin. Corp.*, 1999 WL 33495524, at *5; *Rockwell Intern.*, 897 F.2d at 1264; *see also* 2 Attorney-Client Privilege in the U.S. § 11:8 ("[C]ourts must be cautious over the use of categorical privilege logs. It rewards parties asserting massive numbers of claims at the expense of adequate notice in an adversarial system. Further, if courts allow the requirements to provide sufficient information to be relaxed, the needs of the adversarial system are being ignored for the sake of convenience for the party who created the problem.").

### III. Document-By-Document Privilege Logs Will Not Be Unduly Burdensome

This case does not present circumstances where categorical privilege would be appropriate because the scope of privileged communications is presumed to be minimal given the size of the production. Categorical privilege logs are only appropriate for purposes of alleviating undue burden in cases involving hundreds of thousands or millions of documents. *See Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*, No. CIV.A. 07-1299 SRC, 2012 WL 1585335, at *4 (D.N.J. May 4, 2012) (rejecting the argument that a privilege log consisting or approximately 3,000 would be unduly burdensome, distinguishing the case from a Southern District of California case "where approximately 50 parties, 20 law firms, and 'hundreds of thousands, if not millions, of documents' were involved," and noting that although the Southern District of California permitted categorical privilege logs in that case, the court "made it clear that a document-by-document log 'has been, undoubtedly will, and should remain, the traditional format.'") (quoting *Durkin v. Shields*, 174 F.R.D. 475 (S.D. Cal. 1997)); *see also Northwood Nursing & Convalescent Home, Inc. v. Cont'l Ins. Co.*, 161 F.R.D. 293, 299 (E.D. Pa. 1995) (rejecting plaintiffs argument that "a log of the hundreds of documents to which Plaintiffs claim protection is inherently oppressive and needlessly burdensome," and distinguishing the case from one where there were "17 million potentially privileged documents").

Here, where the Debtors have only produced approximately 4500 documents and the lenders have produced less than 1600 documents, preparing a privilege log would not be unduly burdensome. In fact, in light of the small volume of documents produced, if the Debtors are asserting privilege over many thousands of documents – as would be necessary to even approach levels where document-by-document privilege logs would arguably be unduly burdensome – the Equity Committee's need for itemized logs to adequately assess the Debtors' claims of privilege is all the more clear, as such a broad assertion of privilege would certainly be suspect.

In light of the foregoing, the Court should direct all parties in these Chapter 11 Cases to prepare traditional document-by-document privilege logs.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

### IV. Parties Must Produce All Valuation-Related Documents

The First Lien Lenders have also refused to produce any documents or communications relating to any valuations of the Debtors.

To date, the First Lien Lenders have failed to show why such documents are irrelevant and need not be produced. The Equity Committee believes these documents are critical to its analysis of the conduct of the First Lien Lenders in the months leading up to the commencement of the Chapter 11 Cases. Indeed, the First Lien Lenders, led by Luminus Management, pushed the Debtors to proceed with a liquidation rather than allowing the Debtors to benefit from a turnaround in the oil markets apparently as projected by management. To the extent the Lenders did so in bad faith, they may be subject to substantial liability, particularly if the Lenders knew or believed that (i) the Debtors had significant equity value, (ii) that the oil and energy markets were poised for a turnaround, or (iii) their projections showed that the Debtors would comply with applicable covenants in the First Lien credit documents.

The Lenders would receive a complete release of liability if the Court confirms the Debtors' plan. Under the circumstances, the Equity Committee should be permitted to conduct a thorough investigation of the First Lien Lenders' conduct and their intent in pursuing the liquidation of the Debtors' businesses to the detriment of the Debtors' shareholders.

Accordingly, the Equity Committee respectfully requests that the Court direct all Parties, including the First Lien Lenders to produce valuation-related documents and communications.

* * * *

We are available at the Court's convenience to address these issues. We also wish to alert the Court to a related issue that may impact the Court's consideration of these matters. The Equity Committee believes that it should be entitled to discovery into all of the Debtors' privileged documents relating to its decisions to enter into the Restructuring Support Agreement with the First Lien Lenders (and its consideration of any alternatives thereto) and to transfer the *Highlander* jack-up rig to Maersk pursuant to *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970), as adopted by the Third Circuit in *In re Teleglobe Communs. Corp.*, 493 F.3d 345, 384 (3d Cir. 2007) (adopting *Garner* and providing that shareholders can invade the corporation's privilege "to prove fiduciary breaches by those in control of the corporation upon showing good cause."). The Debtors have indicated that they do not believe the meet-and-confer process has been completed on this issue, and they have objected to simultaneous submissions to the Court. We do not object to a different submission schedule on this issue, and would not object to adjourning the status conference to allow such submissions so that all of these issues can be determined at the same time.

Respectfully submitted,

/s/ Andrew K. Glenn

Andrew K. Glenn

cc:   Counsel of Record