**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HERCULES OFFSHORE, INC., *et al*. | ) | Case No. 16-11385 (KJC) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | **Objection Deadline:** September 15, 2016 at 4:00 p.m. (ET) |
| | ) | |
| | ) | **Hearing Date:** September 22, 2016 at 10:00 a.m. (ET) |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER
FURTHER EXTENDING (I) THE TIME TO FILE SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) THE WAIVER
OF NOTICE REQUIREMENTS WITH RESPECT TO CERTAIN FOREIGN VENDORS**

Hercules Offshore, Inc. ("HERO") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") file this motion (the "Motion") for entry of an order further extending (i) the time within which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") through and including October 31, 2016, without prejudice to the Debtors' right to request further extensions of time, if necessary and (ii) the waiver of notice requirements with respect to certain foreign vendors through and including October 31, 2016, without prejudice to the Debtors' right to request further extensions of time, if necessary. In support of this Motion, the Debtors respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (0326). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 9 Greenway Plaza, Suite 2200, Houston, TX 77046.

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(c) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1007-1(b).

**BACKGROUND**

4. On June 5, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code.

5. The Debtors remain in possession of their property and are operating their business as debtors in possession, pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in the chapter 11 cases.

6. On the Petition Date, the Debtors filed the *Debtors' Joint Prepackaged Chapter 11 Plan*, dated May 31, 2016 [Docket No. 18] (the "Plan") and the related *Disclosure Statement for the Debtors' Joint Prepackaged Chapter 11 Plan*, dated May 31, 2016 [Docket No. 19] (the "Disclosure Statement").

7. On June 7, 2016, the Court entered an order [Docket No. 64] authorizing the joint administration and procedural consolidation of the chapter 11 cases.

8. On June 20, 2016, the United States Trustee appointed a statutory committee of equity security holders (the "Equity Committee") in the chapter 11 cases pursuant to Bankruptcy Code section 1102 [Docket No. 109].

9. A detailed description of the Debtors' business, capital structure, and the events leading to the chapter 11 cases is fully set forth in the *Declaration of Troy L. Carson in Support of First Day Motions* [Docket No. 3] and incorporated by reference as if fully set forth herein.

## THE SCHEDULES AND STATEMENTS AND THE FOREIGN VENDOR NOTICE WAIVER

10. The Debtors have thousands of potential creditors and the operation of the Debtors' international business requires the Debtors to maintain voluminous books, records and complex accounting systems.

11. Based on (i) the time and resources that would be required to prepare Schedules and Statements and (ii) the fact that the proposed prepackaged Plan provides for the payment in full of all allowed claims (other than First Lien Claims (as defined in the Plan)), the Debtors believe that preparing Schedules and Statements would result in a substantial burden on the Debtors' estates while providing little or no benefit to the Debtors' estates or creditors. Accordingly, on the Petition Date, the Debtors filed a motion [Docket No. 7] (the "Prepack Waiver Motion") seeking, among other relief, an extension of the deadline to file Schedules and

3

Statements through and including August 31, 2016 (the "Schedules and Statements Deadline"), and a waiver of the requirement that the Debtors file Schedules and Statements upon confirmation of the Plan if confirmation occurred on or before the Schedules and Statements Deadline.[2]

12. By the Prepack Waiver Motion, the Debtors also requested that the Court waive the requirement to provide notice of the commencement of the chapter 11 cases or any other further notice to foreign vendors for whom the Debtors, after making a good faith effort to compile the consolidated list of their respective creditors, did not possess a current address, unless the Plan was not confirmed on or prior to the Schedules and Statements Deadline (the "Foreign Vendor Notice Waiver").

13. On June 7, 2016, the Court entered an order [Docket No. 67] (the "Prepack Waiver Order") granting the relief requested in the Prepack Waiver Motion.

14. The relief granted by the Prepapack Waiver Order assumed that the hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing") would occur prior to the Schedules and Statements Deadline. Consistent therewith, on June 15, 2016, the Court entered an order [Docket No. 101] (the "Scheduling Order") scheduling the Confirmation Hearing for July 14, 2016.

15. Since the entry of the Prepack Waiver Order and the Scheduling Order, however, the Confirmation Hearing has been rescheduled twice, and as a result, will no longer occur prior to the Schedules and Statements Deadline. On June 29, 2016, following the appointment of the

---

[2] On the Petition Date, each Debtor filed a modified Schedule E/F (each, a "Modified Schedule E/F") with the purpose of identifying certain claimants holding specified contingent, disputed and unliquidated unsecured claims (the "Specified Claims") in connection with filing the *Motion of Hercules Offshore, Inc., et al., for Entry of an Order (A) Establishing Limited Bar Dates for Filing Proofs of Claim, (B) Approving the Form and Manner for Filing Proofs of Claim, (C) Approving Notice Thereof, and (D) Granting Related Relief* [Docket No. 17]. On June 7, 2016, the Court entered an order [Docket No. 76] establishing a limited bar date of July 12, 2016 for holders of Specified Claims to file proofs of claim.

Equity Committee, the Court entered an amended Scheduling Order [Docket No. 144] rescheduling the Confirmation Hearing for August 10, 2016.  Thereafter, on August 4, 2016, at a telephonic status conference with the Court, the Debtors, the ad hoc group of certain of the Debtors' prepetition first lien lenders (the "Ad Hoc Group") and the Equity Committee agreed to submit to mediation (the "Mediation") with the aim of resolving the objections raised by the Equity Committee to the Plan, and on August 9, 2016, the Court entered an order [Docket No. 319] appointing the Honorable Christopher S. Sontchi as the mediator.  To allow for the Mediation to take place, the Confirmation Hearing has been rescheduled for September 22, 2016.  *See* Docket No. 299.

16. Notwithstanding the rescheduling of the Confirmation Hearing, the Plan continues to provide for the payment in full of all allowed claims (other than First Lien Claims), and the Debtors continue to believe that preparing Schedules and Statements would require the Debtors to dedicate substantial time and resources while providing little or no benefit to the Debtors' estates or their stakeholders.  Furthermore, requiring the Debtors to prepare Schedules and Statements at this time would divert limited resources away from the Mediation and obtaining approval of the Disclosure Statement and confirmation of the Plan at the Confirmation Hearing, as well as the Debtors' ongoing efforts to sell their remaining assets and attend to various operational and administrative matters.  Given the critical nature of such matters, the Debtors submit that keeping their key legal, accounting and operational personnel focused on such matters, rather than preparing Schedules and Statements, will enable the Debtors to maximize the value of their estates for the benefit of all stakeholders.

## RELIEF REQUESTED

17. By this Motion, and pursuant to Bankruptcy Code sections 105(a) and 521, Bankruptcy Rules 2002 and 1007(c) and Local Rule 1007-1(b), the Debtors seek entry of an

order further extending (i) the Schedules and Statements Deadline through and including October 31, 2016, without prejudice to the Debtors' right to request further extension(s) of time, and waiving the requirement to file the Schedules and Statements upon confirmation of the Plan if confirmation occurs on or before the Schedules and Statements Deadline and (ii) the Foreign Vendor Notice Waiver through and including October 31, 2016.

## BASIS FOR RELIEF

### A.   Cause Exists to Extend the Schedules and Statements Deadline

18.   Pursuant to Bankruptcy Code sections 105(a) and 521, Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), this Court has discretion to grant an extension in connection with the filing of the Debtors' Schedules and Statements "for cause shown." Fed. R. Bankr. P. 1007(c).

19.   The Debtors submit that good and sufficient cause exists to extend the Schedules and Statements deadline through and including October 31, 2016. As noted above, the Debtors have thousands of potential creditors and the operation of the Debtors' international businesses requires the Debtors to maintain voluminous books, records and complex accounting systems. Accordingly, preparing Schedules and Statements would require the Debtors and their advisors to dedicate substantial time and resources, and at substantial cost, with little or no benefit to the estate and creditors because the Debtors have proposed a prepackaged Plan that provides for the payment in full of all allowed claims (other than the First Lien Claims).

20.   Furthermore, the Debtors are at a critical juncture in the chapter 11 cases. The Mediation with the Ad Hoc Group and the Equity Committee is scheduled to take place in early September, and the Confirmation Hearing is scheduled to commence on September 22, 2016. In addition, the Debtors are continuing their efforts to sell their assets and are occupied with addressing various other operational and administrative matters. The Debtors submit that

focusing their efforts on these matters will maximize the value of their estates for the benefit of all stakeholders, and thus, the Debtors' the time or resources should not be diverted to gathering the information necessary to complete Schedules and Statements at this critical time.

21. Moreover, no parties in interest would be prejudiced by an extension of the Schedules and Statements Deadline through and including October 31, 2016.  Under the Plan, general unsecured creditors are unimpaired and will be paid in full.  Accordingly, the Debtors submit that cause exists under Bankruptcy Rule 1007 and Local Rule 1007-1(b) to grant an extension of the Schedules and Statements Deadline through and including October 31, 2016.

22. Courts in this District have granted similar extensions of the deadline to file Statement and Schedules in numerous other chapter 11 cases.  *See, e.g.*, *In re Quicksilver Resources, Inc.*, No. 15-10585 (BLS) (Bankr. D. Del. June 3, 2015); *In re Allied Nevada Gold Corp.*, No. 15-10503 (MFW) (Bankr. D. Del. Apr. 15, 2015); *In re The Wet Seal, Inc.*, No. 15-10081 (CSS) (Bankr. D. Del. Feb. 9, 2015); *In re Endeavour Operating Corp.*, No. 14-12308 (KJC) (Bankr. D. Del. Nov. 6, 2014); *In re PSL – N. America LLC*, No. 14-11477 (PJW) (Bankr. D. Del. July 14, 2014); *In re Overseas Shipholding Group, Inc.*, No. 12-20000 (PJW) (Bankr. D. Del. Nov. 15, 2012); *In re WP Steel Venture LLC*, No. 12-11661 (KJC) (Bankr. D. Del. June 1, 2012).

23. Finally, it is appropriate to waive the requirement that the Debtors file Schedules and Statements upon confirmation of the Plan if confirmation occurs on or before the extended Schedules and Statements Deadline.  As discussed above, no party in interest would be prejudiced if the requirement that the Debtors file Schedules and Statements is waived if the Plan is confirmed before October 31, 2016.  Preparing the Schedules and Statements following confirmation of the Plan would cause the Debtors to incur substantial expense and would burden

the Debtors' employees at a time when such employees should be implementing or preparing to wind down their operations, monetize their assets and implement the terms of the Plan. The preparation of Schedules and Statements, especially following confirmation of the Plan, would be an unjustifiable and unnecessary expense, and would only serve to harm the recoveries of the Debtors' stakeholders.

24. Courts in this district have granted similar waivers in other prepackaged chapter 11 cases. *See, e.g.*, *In re EveryWare Global, Inc.*, No. 15-10743 (LSS) (Bankr. D. Del. Apr. 9, 2015) (permanently waiving requirement to file schedules and statements upon confirmation of plan); *In re The Dolan Company*, No. 14-10614 (BLS) (Bankr. D. Del. Mar. 25, 2014) (same); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014) (same); *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Dec. 6, 2013) (same); *In re Maxcom Telecomunicaciones, S.A.B. de C. V.*, No. 13-11839 (PJW) (Bankr. D. Del. Aug. 15, 2013) (same); *In re Dex One Corp.*, No. 13-10533 (KG) (Bankr. D. Del. Mar. 18, 2013) (same).

**B.    The Foreign Vendor Notice Waiver Should Be Extended**

25. In the ordinary course of the Debtors' global business, the Debtors receive goods and services from both domestic and foreign vendors. While the Debtors have made a good faith effort to compile a consolidated list of their respective creditors, the Debtors do not possess the notice information for certain foreign vendors, and dedicating company resources to research such notice information would unnecessarily expend the Debtors' resources and distract the Debtors' management from focusing on the Mediation and obtaining confirmation of the Plan, as well as the Debtors' ongoing efforts to sell their assets and attend to various operational and administrative matters.

26. The Plan provides that all holders of general unsecured claims will be paid in full, subject to any rights or defenses the Debtors may have to all or any portion of such claims.

Thus, general unsecured creditors are unimpaired under the Plan. The Court is permitted under Bankruptcy Rule 2002(a) to limit notices required to be provided. Here, as the Court previously approved in connection with the Prepack Waiver Order, it is appropriate to limit notices required under Bankruptcy Rule 2002 to those creditors for which the Debtors are able to determine notice addresses after expending reasonable, good faith efforts.

27. Accordingly, the Debtors request that the Court extend the waiver of the requirement to provide notice of the commencement of the chapter 11 cases or any further notice to foreign vendors for whom the Debtors do not possess a current address, unless the Plan is not confirmed on or prior to October 31, 2016.

### DEBTORS' RESERVATION OF RIGHTS

28. The Debtors reserve the right to supplement this motion and request that any relief granted be without prejudice to the Debtors' ability to seek further extension or modification of the requirements of Bankruptcy Code section 521, Bankruptcy Rules 1007 or 2002, and Local Rule 1007-1.

### NOTICE

29. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 35 largest unsecured claims against the Debtors (on a consolidated basis); (c) Kirkland & Ellis LLP, as lead counsel, and Klehr Harrison Harvey Branzburg LLP, as Delaware counsel, to the Ad Hoc Group; (d) King & Spalding LLP, as counsel to the First Lien Agent; (e) White & Case LLP, as counsel to Luminus Management LLC and Soros Fund Management LLC; (f) counsel to the Equity Committee; (g) the United States Environmental Protection Agency; (h) the United States Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; (j) the office of the attorneys general

for the states in which the Debtors operate; (k) the Securities and Exchange Commission; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested here and such other relief the Court may deem just, proper and equitable.

| | |
|---|---|
| Dated:  August 30, 2016<br>         Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Matthew B. Harvey*<br>Robert J. Dehney (No. 3578)<br>Eric D. Schwartz (No. 3134)<br>Matthew B. Harvey (No. 5186)<br>1201 N. Market St., 16th Flr.<br>PO Box 1347<br>Wilmington, DE  19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>rdehney@mnat.com<br>eschwartz@mnat.com<br>mharvey@mnat.com |

- and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

- and –

Kevin M. Eide (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288