## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HERCULES OFFSHORE, INC., *et al.* | ) | Case No. 16-11385 (KJC) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

## MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 102(1) AND 105 SHORTENING NOTICE REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING CLIFFS DRILLING COMPANY TO SELL THE *HERCULES 208* AND RELATED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (II) GRANTING RELATED RELIEF

Hercules Offshore, Inc. ("HERO") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby move (the "Motion") this Court, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for entry an order shortening notice with respect to *Debtors' Motion For Entry Of An Order (I) Authorizing Cliffs Drilling Company To Sell The* Hercules 208 *And Related Assets Free And Clear Of All Liens, Claims And Encumbrances And (II) Granting Related Relief* (the "Sale Motion"),[2] scheduling a hearing with respect to the Sale Motion and setting a related objection deadline. In support of this Motion, the Debtors respectfully state:

### JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (0326). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 9 Greenway Plaza, Suite 2200, Houston, TX 77046.

[2] Capitalized terms used but not defined herein have the meaning given in the Sale Motion.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4.      On June 5, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code.

5.      The Debtors remain in possession of their property and are operating their business as debtors in possession, pursuant to Bankruptcy Code sections 1107 and 1108.  No trustee or examiner has been appointed in the chapter 11 cases.

6.      On the Petition Date, the Debtors filed the *Debtors' Joint Prepackaged Chapter 11 Plan*, dated May 31, 2016 (the "Original Plan") [Docket No. 18] and the related *Disclosure*

*Statement for the Debtors' Joint Prepackaged Chapter 11 Plan*, dated May 31, 2016 (the "Disclosure Statement") [Docket No. 19].

7.      On June 7, 2016, the Court entered an order [Docket No. 64] authorizing the joint administration and procedural consolidation of the chapter 11 cases.

8.      On June 20, 2016, the United States Trustee appointed a statutory committee of equity security holders (the "Equity Committee") in the chapter 11 cases pursuant to Bankruptcy Code section 1102 [Docket No. 109].

9.      On September 15, 2016, the Debtors filed the *Debtors' Joint Prepackaged Chapter 11 Plan (Incorporating Mediation Settlement)* [Docket No. 369] (the "Modified Plan"). The hearing to consider confirmation of the Modified Plan (the "Confirmation Hearing") commenced on September 22, 2016, and concluded on September 27, 2016. Following the Confirmation Hearing, on October 18, 2016, the Debtors filed the *Debtors' Modified Joint Prepackaged Chapter 11 Plan (Incorporating Mediation Settlement)* [Docket No. 436] (the "Plan"). On November 1, 2016, the Court issued an opinion confirming the Plan and directing the parties to submit an order memorializing the Court's decision [Docket No. 465]. On November 15, 2016, the Court entered an order confirming the Plan [Docket No. 486]. As of the date hereof, the effective date of the Plan has not yet occurred.

10.     A detailed description of the Debtors' business, capital structure, and the events leading to the chapter 11 cases is fully set forth in the *Declaration of Troy L. Carson in Support of First Day Motions* [Docket No. 3] and incorporated by reference as if fully set forth herein.

11.     The factual background supporting this Motion is more fully set forth in the Sale Motion filed contemporaneously herewith and fully incorporated herein by reference.

12.     The Sale Motion requests entry of the Sale Order, effective immediately upon entry, authorizing the Sale of the *Hercules 208* to the Buyer pursuant to the PSA free and clear of all liens, claims, encumbrances, and other interests for a purchase price of $1 million (the "Purchase Price") and granting related relief.

13.     As more fully described in the Sale Motion, the *Hercules 208* is a jackup drilling rig in the Debtors' international fleet of rigs used for offshore oil and gas drilling and exploration.  The *Hercules 208* has not been under contract since February 2015 and is cold stacked in Johor, Malaysia.[3]  At present, the Debtors incur costs in the amount of approximately $3,000 per day to keep the *Hercules 208* cold stacked.

14.     In early 2015, the Debtors initiated a marketing process with respect to the *Hercules 208*.  In connection with their ongoing efforts to monetize their assets, the Debtors have continued that marketing process since the Petition Date.  Mitchen Anderson Group LLC ("Mitchen Anderson") has assisted the Debtors in conducting the marketing process by providing brokerage services to the Debtors with respect to the *Hercules 208*.

15.     Over the past 20 months, Mitchen Anderson has extensively marketed the *Hercules 208* to no less than 20 potential bidders.  Mitchen Anderson's efforts to identify a buyer for the *Hercules 208* have been made more difficult by the fact that the *Hercules 208* is not currently performing under a drilling contract.  After running an initial marketing process that did not yield satisfactory bids, Mitchen Anderson considered pursuing certain other transactions involving the rig, including selling the *Hercules 208* for scrap.  Ultimately, however, Mitchen Anderson determined that contacting potential bidders that had previously expressed an interest

---

[3] A rig is "cold-stacked" when it has been shut down (or mothballed) and stored in a harbor, shipyard, or designated offshore area.

in the *Hercules 208* again to determine their interest in acquiring the rig at the Purchase Price presented the best alternative.

16.     Thereafter, Mitchen Anderson contacted such potential bidders regarding a potential sale of the *Hercules 208* at the Purchase Price.  In July 2016, the Debtors initially entered into a purchase and sale agreement with a different bidder, but that bidder failed to submit the deposit as required by the purchase and sale agreement.  For that reason, the Debtors terminated the purchase and sale agreement and contacted Flowtools Middle East LLC ("Flowtools").  Flowtools agreed to purchase the *Hercules 208* at the Purchase Price and, on August 11, 2016, Debtor Cliffs Drilling Company ("Cliffs") entered into that certain Purchase and Sale Agreement with Flowtools (the "Flowtools PSA").  Upon execution of the Flowtools PSA, Flowtools paid to Cliffs a deposit in the amount of $100,000 (the "Flowtools Deposit").

17.     On August 31, 2016, the Debtors filed a motion (the "Flowtools Sale Motion") seeking authorization from the Court to sell the *Hercules 208* pursuant to the terms of the Flowtools PSA [Docket No. 345].  On September 20, 2016, the Court entered an order approving the Flowtools Sale Motion [Docket No. 395].

18.     Under the terms of the Flowtools PSA, Flowtools was required to pay to Cliffs the balance of the Purchase Price (after subtracting the Flowtools Deposit) upon the closing of the sale, which was expected to occur within three business days following issuance of a final, non-appealable sale order by the Court.  Flowtools, however, did not close and did not pay the balance of the Flowtools Purchase Price.  Accordingly, Cliffs terminated the Flowtools PSA and retained the Flowtools Deposit.[4]

---

[4] As compensation for services rendered by Mitchen Anderson in connection with the sale of the *Hercules 208* to Flowtools, the Debtors have paid to Mitchen 2% of the Flowtools Deposit (or $2,000).

19.      After the termination of the Flowtools PSA, the Debtors sought to quickly find another buyer to purchase the *Hercules 208*.  Accordingly, the Debtors contacted the Buyer regarding the sale of the *Hercules 208*.  The Buyer agreed to purchase the *Hercules 208* at the Purchase Price, executed the PSA, and promptly submitted the required deposit.  Thus, the bid submitted by the Buyer was the highest and otherwise best bid for the *Hercules 208*.

20.      In light of the Debtors' past efforts to sell the *Hercules 208* and the Buyer's agreement to purchase the *Hercules 208* at the Purchase Price, the Debtors believe that having the Sale Motion heard as soon as possible will result in the best and highest offer, thereby maximizing value for the estates and terminating the Debtors' $3,000 per day maintenance costs associated with the *Hercules 208*.

### RELIEF REQUESTED

21.      By this Motion, the Debtors respectfully request that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (a) shortening notice with respect to the Sale Motion; (b) scheduling the Sale Motion to be heard on December 13, 2016 at 1:30 p.m. (ET) (the "Hearing"); (c) requiring objections, if any, to the Sale Motion to be filed by December 9, 2016 at 12:00 p.m. (ET); and (d) granting such other relief as may be just and proper.

### BASIS FOR RELIEF REQUESTED

22.      Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1).

23.      Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

24.     Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bankr. P. 9006.  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."  *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"); *see also Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

25.     Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

26.     The Debtors respectfully submit that cause exists to hear the Sale Motion on shortened notice.  As described in detail in the Sale Motion and summarized above, the relief requested herein is essential at this time to permit the Debtors to sell the *Hercules 208* for the highest and best offer received as a result of HERO's pre- and postpetition efforts to market and sell the *Hercules 208*.  Further, the Debtors incur $3,000 per day in costs to maintain the *Hercules 208* while it sits idle.

27.     Additionally, the Debtors have been in negotiations with various other bidders for the *Hercules 208*.  While those sales did not ultimately occur, the Buyer is willing to purchase the *Hercules 208* at the same Purchase Price.  In order to capitalize on this successful marketing process, receive the best offer for the *Hercules 208* and save the costs of maintaining the *Hercules 208* while stacked, the Sale needs to occur as soon as possible.  Consideration of the Sale Motion on shortened notice is therefore in the best interests of the Debtors' estates and

7

creditors, as approval of the Sale will bring value into the estates while avoiding ongoing maintenance costs for the *Hercules 208*.

**N**OTICE

28.    A copy of this Motion (along with the Sale Motion) has been served upon: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 35 largest unsecured claims against the Debtors (on a consolidated basis); (c) Kirkland & Ellis LLP, as lead counsel, and Klehr Harrison Harvey Branzburg LLP, as Delaware counsel, to the ad hoc group of First Lien Lenders; (d) King & Spalding LLP, as counsel to the Jefferies Finance LLC, as administrative agent under the First Lien Credit Agreement; (e) White & Case LLP, as counsel to Luminus Management LLC and Soros Fund Management LLC; (f) counsel to the Equity Committee; (g) the United States Environmental Protection Agency; (h) the United States Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; (j) the office of the attorneys general for the states in which the Debtors operate; (k) the Securities and Exchange Commission; (l) any party that has requested notice pursuant to Bankruptcy Rule 2002; (m) all entities known to have expressed an interest in the *Hercules 208*; (n) all parties that, to the Debtors' knowledge, may have a security interest in or lien on the *Hercules 208*; and (o) the Buyer.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**C**ONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form of the proposed order attached hereto as **Exhibit A** (a) shortening notice with respect to the Sale Motion; (b) scheduling the Sale Motion to be heard on December 13, 2016 at 1:30 p.m. (ET); (c) requiring objections, if any, to the Sale Motion to be filed by

8

December 9, 2016 at 12:00 p.m. (ET); and (d) granting such other relief as may be just and proper.

Dated:   November 29, 2016                    **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
         Wilmington, Delaware

                                              */s/ Eric D. Schwartz*
                                              Robert J. Dehney (No. 3578)
                                              Eric D. Schwartz (No. 3134)
                                              Matthew B. Harvey (No. 5186)
                                              1201 N. Market St., 16th Flr.
                                              PO Box 1347
                                              Wilmington, DE  19899-1347
                                              Telephone: (302) 658-9200
                                              Facsimile: (302) 658-3989
                                              rdehney@mnat.com
                                              eschwartz@mnat.com
                                              mharvey@mnat.com

                                                      - and –

                                              **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                              Michael S. Stamer (*pro hac vice* admission pending)
                                              Philip C. Dublin (*pro hac vice* admission pending)
                                              David H. Botter (*pro hac vice* admission pending)
                                              One Bryant Park
                                              New York, New York 10036
                                              Telephone: (212) 872-1000
                                              Facsimile: (212) 872-1002

                                                      - and –

                                              Kevin M. Eide (*pro hac vice* admission pending)
                                              1333 New Hampshire Avenue, N.W.
                                              Washington, D.C. 20036
                                              Telephone: (202) 887-4000
                                              Facsimile: (202) 887-4288

                                              *Counsel for Debtors and Debtors in Possession*