# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HERCULES OFFSHORE, INC., *et al.* | ) Case No. 16-11385 (KJC) |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) **Sale Hearing Date: January 18, 2017 at 10:00 a.m. (ET)** |
| | ) |
| | ) **Objection Deadline: January 13, 2017 at 4:00 p.m. (ET)** |

## NOTICE OF PUBLIC AUCTION AND SALE HEARING

#### ("*Sale Notice*")

**PLEASE TAKE NOTICE** that certain of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), as Selling Debtors,[2] have entered into an asset purchase agreement, dated November 18, 2016 (the "Stalking Horse Purchase Agreement"), with Enterprise Offshore Drilling LLC, as Buyer (the "Stalking Horse Bidder"), to sell the Selling Debtors' GOM Fleet and related assets free and clear of all liens, claims, encumbrances and other interests to the Stalking Horse Bidder (the "Sale"), subject to the submission of higher or better offers in an auction process (the "Auction").

**PLEASE TAKE FURTHER NOTICE** that in connection with the proposed Sale, on November 30, 2016, the Debtors filed a motion [Docket No. 534] (the "Motion") seeking court orders for the approval and authorization of, among other things, (a) the Sale, (b) bidding procedures in connection with the Sale, (c) the payment to the Stalking Horse Bidder, if necessary, of a Break-Up Fee and Expense Reimbursement, (d) the form and manner of notices relating to the Sale, and (e) procedures related to the assumption and assignment of executory contracts and unexpired leases in connection with the Sale.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (0326). The HERO Liquidating Trust's corporate headquarters are located at, and the mailing address for each Debtor is, 9 Greenway Plaza, Suite 2200, Houston, TX 77046.

[2] The Selling Debtors are comprised of the following Debtor entities: (i) Hercules Offshore Services LLC; (ii) Hercules Drilling Company LL; (iii) TODCO Americas Inc.; (iv) Cliffs Drilling Company; (v) THE Offshore Drilling Company; and (vi) SD Drilling LLC.

1

**PLEASE TAKE FURTHER NOTICE** that, on December 2, 2016 (the "Effective Date"), the Debtors consummated the *Debtors' Modified Joint Prepackaged Chapter 11 Plan (Incorporating Mediation Settlement)* [Docket No. 436] (the "Plan").  Accordingly, on the Effective Date, pursuant to the terms of the Plan, the Assets automatically vested in the HERO Liquidating Trust (the "Liquidating Trust").

**PLEASE TAKE FURTHER NOTICE** that, on December 13, 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 557] (the "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures"), which establish the key dates and times related to the Sale.  All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures.  The summary of the Bidding Procedures contained in this Sale Notice is provided for convenience only.  To the extent that there are any inconsistencies between the Bidding Procedures and the summary description in this Sale Notice, the terms of the Bidding Procedures shall control.  The deadline by which all Qualified Bids (as defined in the Bidding Procedures) must be *actually* *received* by the parties specified in the Bidding Procedures Order is January 9, 2017 at 5:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, Bidding Procedures and Bidding Procedures Order, as well as all related exhibits including the Stalking Horse Purchase Agreement, are available on the website of the Court-appointed claims and noticing agent for the Debtors' chapter 11 cases, Prime Clerk LLC, https://cases.primeclerk.com/herculesinfo/, or can be requested by e-mail at herculesinfo@PrimeClerk.com.

**PLEASE TAKE FURTHER NOTICE** that if the Liquidating Trust receives one or more Qualified Bids (in addition to the Stalking Horse Purchase Agreement) that satisfy the requirements and timeframe specified by the Bidding Procedures, the Liquidating Trust will conduct the Auction to determine the highest and best bid for the purchased assets on January 12, 2017 at 10:00 a.m. (prevailing Eastern Time) at the offices of Akin Gump Strauss Hauer & Feld LLP, co-counsel to the Liquidating Trust, at 1111 Louisiana Street, 44th Floor, Houston, Texas, 77002, or at such other location as the Liquidating Trust may hereafter designate (with notice of such alternate location given to all qualified bidders under the Bidding Procedures).  If no other Qualified Bid is received by the Bid Deadline (other than the Stalking Horse Bid), then the Auction shall not be held, and the Liquidating Trust shall promptly seek the Court's approval of the sale of the Assets to the Stalking Horse Bidder in accordance with the terms of the Stalking Horse Purchase Agreement.

**PLEASE TAKE FURTHER NOTICE** that only the Liquidating Trust, the Stalking Horse Bidder, any other Qualified Bidders that have timely submitted a Qualified Bid, their respective representatives, any creditor that notifies the Liquidating Trust of its intent to attend the Auction by no later than January 9, 2017 at 5:00 pm (ET), and the United States Trustee shall be permitted to attend the Auction.

**PLEASE TAKE FURTHER NOTICE** that the Liquidating Trust will seek approval of the Sale before the Honorable Kevin J. Carey, United States Bankruptcy Judge for the District of Delaware, at 824 North Market Street, 5th Floor, Wilmington, Delaware 19801, on January 18, 2017 at 10:00 a.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, *must*: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the District of Delaware; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (iv) be filed with the Court and served so as to be *actually received* no later than January 13, 2017 at 4:00 p.m. (prevailing Eastern Time) by the following parties:

| **Liquidating Trust** | **Co-Counsel to Liquidating Trust** |
|---|---|
| HERO Liquidating Trust<br>9 Greenway Plaza, Suite 2200<br>Houston, Texas 77046<br>Attn: Troy L. Carson and Beau Thompson | Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Attn: Michael S. Stamer and Philip C. Dublin<br><br>-and-<br><br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market St., 16th Flr.<br>Wilmington, Delaware 19899<br>Attn: Eric D. Schwartz and Matthew B. Harvey |
| **United States Trustee** | **Counsel to the Stalking Horse Bidder** |
| Office of the United States Trustee<br>for the District of Delaware<br>844 King Street<br>Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801<br>Attn: David L. Buchbinder and Timothy J. Fox, Jr. | Locke Lord LLP<br>600 Travis Street, Suite 2800<br>Houston, Texas 77002<br>Attn: Philip Eisenberg and Steve Peterson<br><br>-and-<br><br>Thompson & Knight, LLP<br>333 Clay Street, Suite 3300<br>Houston, TX 77002<br>Attn: Mitchell Ayer and Steve Levitt |
| **Counsel to the Ad Hoc Group** | **Counsel to the Agent** |
| Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn: Brian Lennon and Robert Britton)<br><br>-and-<br><br>White & Case LLP<br>1155 Avenue of the Americas<br>New York, New York 10036<br>Attn: Glenn M. Kurtz, Esq.<br><br>Southeast Financial Center, Suite 4900<br>200 South Biscayne Boulevard<br>Miami, Florida 33131 | King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, New York 10036<br>Attn: Michael C. Rupe |

|  |  |
|---|---|
| Attn: Michael C. Shepherd and Joseph A. Pack)<br><br>-and-<br><br>Klehr Harrison Harvey Branzburg LLP<br>919 N. Market Street, Suite 100<br>Wilmington, Delaware 19801<br>Attn: Domenic E. Pacitti and Michael Yurkewicz |  |

Dated: December 16, 2016
       Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew B. Harvey*
Robert J. Dehney (No. 3578)
Eric D. Schwartz (No. 3134)
Matthew B. Harvey (No. 5186)
1201 N. Market St., 16th Flr.
PO Box 1347
Wilmington, DE  19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
eschwartz@mnat.com
mharvey@mnat.com

- and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

- and –

Kevin M. Eide (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel to the HERO Liquidating Trust*

## CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE SALE ON OR BEFORE THE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AFFECTED THEREUNDER.**

### NO SUCCESSOR OR TRANSFEREE LIABILITY

The proposed Sale Order provides that the purchaser in the Sale (the "**Purchaser**") will have no responsibility for, and the assets will be sold free and clear of, any successor liability, including the following:

To the greatest extent allowable by applicable law, the Purchaser shall not be deemed, as a result of any action taken in connection with the Stalking Horse Purchase Agreement, the consummation of the Sale (as defined in the proposed Sale Order) contemplated by the Stalking Horse Purchase Agreement, or the transfer or operation of the Assets, to (a) be a legal successor, or otherwise be deemed a successor to the Debtors (or the Wind Down Entity) (other than, for the Purchaser, with respect to any obligations as an assignee under the Assigned Contracts and Assigned Leases arising after the Closing); (b) have, *de facto* or otherwise, merged with or into the Debtors (or the Wind Down Entity) or (c) be an alter ego or mere continuation or substantial continuation of the Debtors (or the Wind Down Entity), including, without limitation, within the meaning of any foreign, federal, state or local revenue law, pension law, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, the WARN Act (29 U.S.C. §§ 2101, et seq.), the Comprehensive Environmental Response Compensation and Liability Act ("**CERCLA**"), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964 (as amended), the Age Discrimination and Employment Act of 1967 (as amended), the Federal Rehabilitation Act of 1973 (as amended), the National Labor Relations Act (29 U.S.C. § 151, et seq.), the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101), environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to the Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under CERCLA, any liabilities, debts or obligations of or required to be paid by the Debtors (or the Wind Down Entity) for any taxes of any kind for any period, labor, employment, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' (or the Wind Down Entity's) liability under such law, rule or regulation or doctrine. All rights of any party to set off any claims, debts or obligations owed by or to the Purchaser in connection with the Assets shall be extinguished on the Closing Date pursuant to the proposed Sale Order, with such rights attaching to the proceeds of the Sale. Other than as expressly set forth in the Stalking Horse Purchase Agreement, the Purchaser shall not have any responsibility for (a) any liability or other obligation of the Debtors (or the Wind Down Entity) or related to the Assets or (b) any claims (as such term is defined in section 101(5) of the Bankruptcy Code) against the Debtors (or the Wind Down Entity) or any of their predecessors or affiliates. To the greatest extent allowed by applicable law, the Purchaser shall have no liability whatsoever with respect to the Debtors' (or the Wind Down Entity's) (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or the Wind Down Entity's) (or their predecessors' or affiliates') obligations based, in whole or in part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Assets prior to the Closing.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SALE NOTICE, PLEASE CONTACT THE CLAIMS AND NOTICING AGENT AT 855-628-7532**